UNITED STATES COURT OF APPEALS
**Filed 11/5/96**
FOR THE TENTH CIRCUIT

| | |
|---|---|
| MONTVIEW PARK PARTNERSHIP; HUDSON REAL ESTATE COMPANY; GINGER KLIETZ, | |
| Petitioners, | No. 95-9536 (HUDALJ 08-93-9421-8) (Petition for Review) |
| v. | |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | |
| Respondent. | |

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

Petitioners Montview Park Partnership, Hudson Real Estate Company, and Ginger Klietz seek review of a decision by respondent United States Department of Housing and Urban Development (HUD) denying their application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504(a)(1). Petitioners filed their application for attorney fees following settlement of a lawsuit brought by HUD claiming petitioners engaged in illegal discrimination by refusing to rent an apartment to Nancy Williams because of her childrens' race, in violation of 42 U.S.C. § 3604(a), and by making discriminatory remarks to Williams, in violation of 42 U.S.C. § 3604(c). In their petition for review, petitioners argue HUD erred in holding they were not prevailing parties under the EAJA and therefore not entitled to an award of attorney fees. We agree that petitioners are not entitled to attorney fees and deny their petition for review.

I.

This matter arises from a complaint filed with HUD by Williams, alleging Klietz, an employee of Montview Park Partnership, refused to rent an apartment to her because her children were of mixed race. Williams further alleged Klietz told her that "she did not allow Blacks in her apartments and would prefer to keep them out." R. Vol. I, tab 1, Determination of Reasonable Cause and Charge of Discrimination, at 3. Following conciliation attempts and investigation, HUD issued its charge of discrimination. Williams did not elect to have the case tried

-2-

in court, and the matter was set for hearing before an administrative law judge (ALJ).

Following discovery, but prior to hearing, the parties entered into a consent agreement whereby petitioners denied they discriminated against Williams, but agreed to (1) refrain from future discrimination based on race, color, religion, sex, national origin, handicap, or familial status; (2) provide a questionnaire to all persons making rental inquiries, and maintain records and report all rental inquiries to HUD; (3) require Klietz to participate in a training session on the Fair Housing Act to be provided by HUD; (4) prominently display a HUD fair housing poster in offices where rental inquiries are taken; and (5) pay the sum of $1,000 to Williams.  R. Vol. II, tab 59 at 2-4.  Following entry of the agreement, petitioners applied for attorney fees under 5 U.S.C. § 504.  The ALJ denied the application and petitioners filed a petition for review with this court pursuant to 42 U.S.C. § 3612(i).

## II.

In reviewing an agency's decision not to award fees under the EAJA, we will modify that determination only if we find "that the failure to make an award of fees . . . was unsupported by substantial evidence."  5 U.S.C. § 504(c)(2).  However, to the extent an appeal requires us to decide the proper interpretation of the EAJA, our scope of review is de novo.  See Pierce v.

Underwood, 487 U.S. 552, 558 (1988) (noting questions of law are typically reviewed de novo); Director, O.W.C.P., U.S. Dept. of Labor v. Ball, 826 F.2d 603, 604 (7th Cir. 1987) ("For matters of law, the APA mandates de novo review.").

Under the provisions of the EAJA pertaining to adversary administrative proceedings, prevailing parties may recover attorney fees from the Government. See Ardestani v. I.N.S., 502 U.S. 129, 132 (1991). Specifically, 5 U.S.C. § 504(a)(1) provides that "[a]n agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust."

The question faced by HUD in this case, and presented to us on appeal, is how to determine when a *defendant* is a prevailing party under § 504(a)(1) if the administrative proceedings are resolved prior to a hearing on the merits.[1] In answering this question, the ALJ turned to Farrar v. Hobby, 506 U.S. 103 (1992), in which the Supreme Court announced that "a plaintiff 'prevails' when actual

---

[1]     Because we ultimately determine petitioners are not entitled to attorney fees, we find it unnecessary to decide whether settlements of administrative claims fall within the scope of "adversary administrative adjudications" as defined under 5 U.S.C. § 504(b)(1)(C).

relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Id. at 111-12. The ALJ applied the Farrar standard to the facts before her and concluded HUD was the prevailing party. Accordingly, the ALJ concluded petitioners had not achieved prevailing party status and denied their application for fees. On appeal, petitioners contend the ALJ erred in relying on the Farrar standard because it is applicable only to cases falling under 42 U.S.C. § 1988. According to petitioners, the appropriate standard is whether they succeeded on any significant issues in the litigation.

In light of the underlying facts of this case, we find it unnecessary to conclusively decide what the proper standard is for determining whether a defendant in an adversary administrative adjudication has achieved prevailing party status. Under any conceivable answer to this question, whether it be answering the question indirectly, as the ALJ did, by applying the Farrar test to determine if plaintiff is the prevailing party, or whether it involves directly answering the question by applying a separate standard to the defendant who seeks fees as a prevailing party, see, e.g., Commissioner, I.N.S. v. Jean, 496 U.S. 154, 160 (1990) ("In EAJA cases, the court first must determine if the applicant is a 'prevailing party' by evaluating the degree of success obtained."); Kelly v. Secretary, U. S. Dept. of Housing & Urban Dev., 97 F.3d 118, 121 (6th Cir. 1996)

(concluding that, because defendants in FHA discrimination case had prevailed on several significant issues, they were entitled to an award of fees under the EAJA); Marquart v. Lodge 837, Intern. Ass'n of Machinists & Aerospace Workers, 26 F.3d 842, 851-52 (8th Cir.1994) (holding that, in order to obtain prevailing party status, a defendant in a Title VII case must be able to point to a favorable judicial declaration on the merits), it is obvious to us that petitioners are not prevailing parties in the present case, and have therefore not satisfied the initial threshold for fee eligibility. Although petitioners spend considerable time in their appellate brief describing the positive benefits petitioners obtained through the settlement, we agree with the ALJ that "[t]he terms of the Settlement Agreement altered the legal relationship between the parties by forcing [petitioners] to pay [Williams] a sum of money and to undergo training and keep records they otherwise would not have." R. Vol. III, tab 68 at 5. Further, the factual record clearly indicates that petitioners did not receive a single favorable determination from the ALJ prior to the settlement. The fact that petitioners were able to reduce their potential liability through settlement does not equate to their becoming prevailing parties under the terms of this settlement. Accordingly, even assuming the ALJ adopted and applied the wrong standard, we agree with the ultimate resolution of the issue and conclude any such error was harmless. See generally Intercargo Ins. Co. v. United States, 83 F.3d 391, 394 (Fed. Cir. 1996) (holding that, under the

Administrative Procedure Act, 5 U.S.C. § 706, principles of harmless error apply

to the review of agency proceedings).

     The petition for review is DENIED.

                                       Entered for the Court

                                       Mary Beck Briscoe
                                       Circuit Judge